## SUPREME COURT.

### GEORGE W. POLLOCK agt. ORSMAN ALDRICH.

A justice of the peace can take the *confession of a judgment* out of the town in which he resides, anywhere in his county. He is not by the Revised Statutes limited in the exercise of any official act to his own town, except that he shall not try a civil cause in any town other than the one for which he was chosen.

*General Term, Sixth District,* 1859.

APPEAL from order of county judge in proceedings supplementary to execution.

By the court—MASON, Justice. The only question presented by this appeal is, whether a justice of the peace can take the confession of a judgment out of the town where he resides? And I entertain no doubt upon the subject but that he can. Prior to the revision of our statutes in 1820, a justice of the peace could try a civil action anywhere in his county. (*Gurnsey & Knight* agt. *Lovell,* 9 *W. R.* 319.) And the only restriction placed upon him by the Revised Statutes of 1830, is that he shall not try a civil cause in any town other than the one in which he is chosen. (1 *R. S.* 102, § 12; 9 *W. R.* 319, 322.) He is not limited in the exercise of any other official act to his town. (9 *W. R.* 319.) He may issue civil process in any part of the county. (9 *W. R.* 319.) And it was expressly decided in the case of *Schroepel* agt. *Taylor,* (10 *W. R.* 196,) that he might not only issue it, but that he might make it returnable at any place in the county in which he is an officer. The taking a confession of a judgment, is not a trial within the meaning of the statutes nor in any sense. The confession of the judgment was taken at Sherburne, but was not entered on the justice's docket until he returned home to North Norwich.

The order appealed from must be reversed, and the county judge directed to proceed with his proceedings supplementary to execution, with $10 costs.